UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
GREG JAVARAS :
: CASE NO. 1:12-CV-1699
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 11]
KW#1 ACQUISITION CO., LLC, :
dba METRO-LEXUS :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this employment case jointly propose a protective order allowing them to limit public disclosure of information they designate as confidential. [Doc. 11] Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity. *See Brown & Williamson*, 710 F.2d at 1179; *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party"). Thus, in the Sixth Circuit, courts approach protective order motions with a presumption in favor of public access to judicial records. *See, e.g., In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part).

The fact that all parties jointly seek a protective order does not overcome this presumption.

Case No. 1:12-CV-1669
Gwin, J.

See *Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

A successful protective order motion must show specifically that disclosure of *particular* information would cause serious competitive or financial harm. *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179-80. Here, the movants completely fail to meet this standard. The proposed confidentiality agreement is exceedingly broad and unspecific. The movants ask for blanket authority to designate documents as confidential that they mark as "CONFIDENTIAL." [Doc. 11.] However, they have failed to show that public disclosure of any information might cause serious harm or is otherwise warranted.

The movants may move to seal individual documents provided that they make the requisite particularized showing. For example, upon a proper motion, the Court will consider limiting public disclosure of information that would constitute a trade secret, medical records, or that is otherwise highly sensitive. However, the Court will not simply grant the parties blanket authorization to cloak the entire case under a veil. The Court thus **DENIES** the proposed confidentiality agreement.

**IT IS SO ORDERED.**

Dated: November 7, 2012             *s/   James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATE DISTRICT JUDGE